## HALL *v.* CITY OF NEW ORLEANS.[1]

*(Circuit Court, E. D. Louisiana.* February, 1884.)

1. ACT OF LOUISIANA, No. 73 OF 1872.

   The act of the legislature of Louisiana, No. 73 of 1872, approved April 26, 1872, (Sess. Acts 1872, p. 124,) was in force until the passage of the premium bond act, March 6, 1876, (Sess. Acts 1876, p. 54.) By section 15 of the act of 1872 a sinking fund was created for certain bonds of the city of New Orleans, in which fund the bondholders interested were declared to have a vested interest. The taxes levied and collected under the act were insufficient to pay the coupons maturing while the law was in force. *Held,* that holders of coupons maturing after the repeal of the law acquired no right to the fund; holders of coupons maturing before the repeal of the law were entitled to the fund in the hands of the fiscal agent, and could have enforced collection as the taxes were collected and received by him.

2. PRESCRIPTION—PLEDGE.

   As long as the debt secured remains unpaid and the pledge continues in existence, whatever be the time elapsed since maturity, the defense of prescription cannot be raised. *Forstall* v. *Consolidated Ass'n,* 34 La. Ann. 776. As to the coupons which fell due prior to the repeal of the act of 1872, prescription has been interrupted; those which fell due after the repeal, and more than five years prior to the institution of this suit, are prescribed.

At Law.

*E. H. Farrar,* for plaintiff.

*Henry C. Miller* and *Chas. F. Buck,* City Atty., for defendant.

PARDEE, J. Act No. 73, approved April 26, 1872, (Sess. Acts 1872, p. 124,) was in force until the passage of the premiun bond act, March 6, 1876. Under the provisions of section 15 of the said act of 1872 a sinking fund was created for all city bonds for which no other retiring provision existed by law, in which fund the bondholders interested were declared to have a vested interest. In pursuance of this section taxes were levied in 1873 and 1874, which were collected from time to time to this day, whereby a trust fund has been in the hands of the fiscal agent of the city, particularly so, until it was distributed by order of this court in the case of *Lauer* v. *The City* (not reported) in the year 1883.

The taxes so levied and collected have been insufficient to pay the coupons maturing while the law was in force. As the fund was insufficient to pay coupons maturing while the law was in force, holders of the coupons maturing after the repeal of the law acquired no right to the fund, for in no sense could it be said to be a trust fund for their benefit. The case is different with regard to the holders of coupons maturing before the repeal of the law. They were entitled to the funds in the hands of the fiscal agent, and could have enforced collection as the taxes were collected and received by the agent.

In the case of *Forstall* v. *Consolidated Ass'n* the supreme court of Louisiana say:

"It is no objection that the object or thing pledged was not delivered to the creditor. Even in the absence of a *law contract*, it is lawful to stipulate that

[1] Reported by Joseph P Hornor, Esq., of the New Orleans bar.

the pledge may remain in trust in the hands of a third person, even in those of the debtor, provided it be held precariously. * * * As long as the debt thus secured remains unpaid and the pledge continues in existence, whatever be the time elapsed since maturity, the defense of prescription cannot be raised." See 34 La. Ann. 776, and cases there cited.

The coupons sued on in this case are from bonds within the provisions of section 15 of the act of 1872; those which fell due prior to the repeal of the act, March 6, 1876, have been secured by the fund pledged for their benefit, and prescription has been interrupted; those which fell due after the repeal of the said act, and more than five years prior to the institution of this suit, are prescribed. Judgment will be entered accordingly.

BILLINGS, J., concurs.